BP:bp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60331 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THE PROCEEDS FROM THE SALE OF APPROXIMATELY 985 POUNDS OF SPINY LOBSTER TAILS,

    Defendant.
_____/

### COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, hereby files this Complaint for Forfeiture *in Rem* and states:

1. This is a civil action for forfeiture *in rem* of the proceeds from the sale of approximately 985 pounds of spiny lobster tails (*Panulirus argus*) ("defendant proceeds").

2. This Court has jurisdiction and venue over this action pursuant to 16 U.S.C. § 3375(c), 28 U.S.C. §§ 1345, 1355(a), (b), 1395 and 2461.

3. The United States seeks forfeiture of the defendant proceeds pursuant to the Lacey Act Amendments of 1981 ("Lacey Act"), 16 U.S.C. §§ 3371-3378, at 16 U.S.C. § 3374(a) arising from a violation of 16 U.S.C. §§ 3372(a)(2)(A) and (a)(4).



## STATUTORY AND REGULATORY BACKGROUND

4. The Lacey Act at 16 U.S.C. § 3372(a)(2)(A) provides in part that it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any fish or wildlife taken, possessed, transported, or sold in violation of any foreign law.

5. The Lacey Act at 16 U.S.C. § 3372(a)(4) provides in part that it is unlawful to attempt to commit a violation of 16 U.S.C. § 3372(a)(2)(A).

6. The Lacey Act at 16 U.S.C. § 3374(a)(1) provides in part that all fish or wildlife which is or has been imported, exported, transported, sold, received, acquired, or purchased in violation of 16 U.S.C. § 3372(a), or any regulation issued pursuant thereto, is subject to forfeiture and condemnation to the United States.

7. <u>Panulirus argus</u> lobster tails constitutes "fish and wildlife" within the meaning of the Lacey Act. 16 U.S.C. § 3371(a).

8. <u>Panulirus argus</u> is more commonly known as "spiny lobster."

9. Attached hereto as Exhibit 1 is a copy of the following law of the Bahamas Fisheries Resources (Jurisdiction and Conservation) Act, 1977, Revised 1987, Chapter 225, Part XV, Regulation 70.--(1), which provides that:

Without prejudice to the foregoing regulations, no person shall for commercial purposes export any fishery product or fishery resource, sea-shell or coral unless --

(a) he holds a licence from the Minister on behalf of the product or resource he wishes to export;

(b) the product or resource is presented to a fisheries inspector at the time of exportation; and

(c) the export duty on such product or resource as may be specified in the Second Schedule is paid.

## STATEMENT OF FACTS

10. Entry documents relating to a shipment of spiny lobster were presented to U.S. Customs on September 20, 2002:

a. The U.S. Customs entry document, Form 3461, indicated the importer of record and consignee to be AEROSELL, LTD., 750 S.W. 34th Street, Suite 204, Fort Lauderdale, Florida. The merchandise was described as rock lobster (<u>Panulirus</u>). The broker was listed as Assoc. Customshouse Brokers, Inc., 4101 Ravenswood Road, # 108, Dania, Florida.

b. The ProForma Invoice, dated September 20, 2002, listed the shipper as Tampa Seafood, Alex Moore, Abaco, Bahamas. The merchandise was listed as 30 bags of frozen lobster with a value of $10,000.00.

c. The Air Waybill identified the shipper as Tampa Seafood, Alex Moore, Abaco, Bahamas and the consignee as

AEROSELL, LTD., c/o Bahamas Cargo, Fort Lauderdale, Florida. The departure airport was listed as Walkers Cay and the merchandise was listed as 30 bags of frozen lobster (<u>Panulirus</u>) weighing 1000 pounds.

11. On or about September 21, 2002, aircraft N3502W arrived at Fort Lauderdale International Airport, piloted by Henry A. Schaller ("SCHALLER") and carrying passenger Roger Truss ("TRUSS").

12. A commercial shipment of approximately 1000 pounds of spiny lobster tails was on board the aircraft.

13. SCHALLER and TRUSS each presented U.S. Customs Declaration, Form 6059B. The purpose of the trip on each form was marked as "Personal."

14. SCHALLER voluntarily made the following statements to agents:

   a. that he bought the spiny lobsters from L.C. Brown's Fishing;
   b. that he did not have any receipts or documents reflecting a proof of purchase;
   c. that he did not have any documents because this shipment was inspected by a Bahamian Fisheries Inspector;
   d. that he did not possess a Bahamian Export license;
   e. that he had not paid a Bahamian Export duty because he bought these spiny lobster tails; and
   f. that he could not produce a receipt or bill of sale because these spiny lobster tails came from a Bahamian fishing boat he helped finance called "Sweet Dreams."

15. The investigation revealed that the spiny lobster tails were not exported through a licensed Bahamian exporter, in violation of Bahamian law.

16. The investigation revealed that the spiny lobster tails were not inspected by a Bahamian Fisheries inspector, in violation of Bahamian law.

17. The investigation revealed that no Bahamian export duty had been paid on the spiny lobster tails, in violation of Bahamian law.

18. Thereafter, the above-referenced spiny lobster tails were seized by agents of the National Marine Fisheries Service ("NMFS") for a violation of the Lacey Act, 16 U.S.C. § 3372(a)(2)(A), which prohibits importation of any fish taken or possessed in violation of any foreign law.

19. Agents of the Food and Drug Administration took representative samples of the spiny lobster tails for analysis to determine if the product was fit for human consumption.

20. Subsequently, the spiny lobster tails (actual weight of 985 pounds) were sold by NMFS for $15,267.50.

21. The proceeds from the sale of the spiny lobster tails are subject to forfeiture in the same manner as the seized fish would have been pursuant to 15 C.F.R. § 904.505(d).

22. On or about December 9th, 2002, Henry A. Schaller filed a claim in the administrative forfeiture proceeding for the defendant proceeds.

23. On or about December 19th, 2002, Hugh Ganter, Seafood World, filed a claim in the administrative forfeiture proceeding for the defendant proceeds.

## COUNT I

Forfeiture
Pursuant to 16 U.S.C. §§ 3372(a)(2)(A), 3374(a)(1)

24. The United States repeats and re-alleges each and every allegation set forth in paragraphs 1 through 23, above, as if fully set forth herein.

25. 16 U.S.C. §§ 3372(a)(2)(A) and (a)(4) provide that it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase, or attempt to, in interstate or foreign commerce, any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law.

26. The proceeds of the sale from the sale of the spiny lobster tails are subject to forfeiture in the same manner as the seized fish would have been pursuant to 15 C.F.R. § 904.505(d).

27. Based on the foregoing, the defendant proceeds from the sale of the spiny lobster are subject to forfeiture pursuant to 16 U.S.C. § 3374(a)(1).

WHEREFORE, Plaintiff United States of America requests that a warrant of arrest be issued for the defendant property; that the Court direct any and all persons having any claim to the defendant property to file and serve their Verified Claims and Answers as

required by 18 U.S.C. § 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, together with such other and further relief as may be just; that the defendant property be condemned and forfeited to the United States of America for disposition according to law; and that the Plaintiff be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                    Respectfully submitted,

                    MARCOS DANIEL JIMENEZ
                    UNITED STATES ATTORNEY

By: _____
                    BARBARA PAPADEMETRIOU
                    Assistant U.S. Attorney
                    99 NE 4th Street, 7th Floor
                    Miami, Florida 33132-2111
                    Fla. Bar No. 0880086
                    Tel:  (305) 961-9036
                    Fax:  (305) 536-7599
                    E-mail address:
                    Barbara.Papademetriou@usdoj.gov

## **VERIFICATION**

I, H. JEFF RADONSKI, Special Agent, National Marine Fisheries Service, hereby declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture in Rem is based upon information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this 7th day of March, 2003.

H. JEFF RADONSKI
SPECIAL AGENT
NATIONAL MARINE FISHERIES SERVICE



GOVERNMENT EXHIBIT 1

(JURISDICTION AND CONSERVATION).

## PART XIV.

### PENALTIES.

Penalties.

68.—(1) Any person who resists or obstructs a fisheries inspector in the exercise of his functions under, or fails to comply with any request made by the fisheries inspector for the purpose of securing compliance with these Regulations, is guilty of an offence and is liable on summary conviction to a fine of one thousand dollars or to imprisonment for a term of six months or to both.

(2) Any person who contravenes these Regulations is guilty of an offence and except as is otherwise provided by the Act or any other regulation is liable on summary conviction to a fine of three thousand dollars or to imprisonment for a term of one year or to both.

(3) Where a person is found guilty of an offence against any of the provisions in Parts II to VIII (inclusive) or Part X, the court shall in addition to any other penalty, order the confiscation of any trap, net, seine or other device used in the commission, or that is the subject matter, of the offence and the trap, net, seine or other device so confiscated shall be forfeited to the Crown.

## PART XV.

### GENERAL.

Presumption of participation in offences.

69. For the purposes of proceedings for an offence of being in possession of any prohibited fishery resource or of any prohibited apparatus or for using any prohibited apparatus, substance or other thing in breach of any of the provisions of these Regulations it shall be presumed until the contrary is shown that—

(a) the captain or other person in charge of the vessel wherein the fishery resource, or apparatus, substance or other thing is proven to have been found and every member of the crew of the vessel at the time, were each in possession of the prohibited fishery resource, apparatus, substance or other thing as the case may be;

(b) the captain or other person in charge of the vessel on or from which the prohibited apparatus, substance or other thing is proven to have

(JURISDICTION AND CONSERVATION).

been used and every member of the crew at the time, were each using the prohibited apparatus, substance or other thing, as the case may be;

(c) fish found in any vessel on which prohibited apparatus, substance or other thing is proven to have been found, has been captured or taken by means of that apparatus, substance or other thing;

(d) the possession of any prohibited apparatus, substance or other thing proven to have been found on a vessel within the exclusive fishery zone was for the purpose of being used for fishing.

General prohibition of exportation.

70.—(1) Without prejudice to the foregoing regulations, no person shall for commercial purposes export any fishery product or fishery resource, sea-shell or coral unless—

(a) he holds a licence from the Minister on behalf of the product or resource he wishes to export;

(b) the product or resource is presented to a fisheries inspector at the time of exportation; and

(c) the export duty on such product or resource as may be specified in the Second Schedule is paid.

Second Schedule.

(2) Subject to paragraph (1) no person shall take out of The Bahamas migratory fishery resource which consists in total of more than six Kingfish, Dolphin and Wahoo or ten pounds of conch or crawfish or more than twenty pounds of other demersal fishery resource.

Exportation of fishery resource for scientific etc. purposes.

71. A person desirous of exporting any live or preserved fishery resource specimens from The Bahamas for scientific, research, or educational purposes, as the case may be shall make an application for that purpose to the Minister in accordance with regulation 66.

Exemptions for scientific, educational purposes, etc.

72. The prohibitions pertaining to the possession or taking by a person of fishery resource as are imposed by the foregoing regulations by reason of the application thereto of a close season or the prescription of a minimum seze limit or the sex or egg-bearing characteristics of the resource shall not apply in so far as the possession or taking by that person is in accordance with a permit or licence held by him under these regulations for the purpose of aquaculture, scientific, educational or research purposes.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

03-6033
CIV-ZLOCH

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
THE PROCEEDS FROM THE SALE OF APPROXIMATELY 985 POUNDS OF SPINY LOBSTER TAILS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

03-60331 CIV WJZ/snow

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE SELTZER

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AUSA BARBARA PAPADEMETRIOU
99 NE 4th STREET, 7th Floor
MIAMI, FLORIDA 33132
(305) 961-9036

ATTORNEYS (IF KNOWN)
Lother Genge, Esq.
510 Lavers Circle #361
Delray Beach, Florida 33444
(561) 276-7038

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☒ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☒ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

16 U.S.C. § 3374(a) from a violation of 16 U.S.C. §§ 3372 (a)(2)(A) and (a)(4).

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 3/7/03
SIGNATURE OF ATTORNEY OF RECORD
Barbara Papademetriou
AUSA Barbara Papademetriou

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.